IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY AMBRIZ, SALVADOR CARRILLO, MARCO A. CHAVEZ, RANDALL COURTNEY, DANIEL MALDONADO, MARK A. RODRIGUEZ, SR., ALEJANDRO VEGA, DOUGLAS VIVERO, DAVID CINTAT, MANUEL SALAZAR, HERSCHEL SURVINE III, EDWIN PUQUIRRE,<br><br>      Plaintiffs,<br><br>   v.<br><br>MATHESON TRI-GAS,<br><br>      Defendant.<br>_____/ | No. C 14-1041 CW<br><br>ORDER GRANTING MOTION TO TRANSFER AND DENYING MOTION TO DISMISS AS MOOT |

Plaintiffs Larry Ambriz, Salvador Carrillo, Marco A. Chavez, Randall Courtney, Daniel Maldonado, Mark A. Rodriguez, Sr., Alejandro Vega, Douglas Vivero, David Cintat, Manuel Salazar, Herschel Survine III, and Edwin Puquirre brought this putative wage and hour class action on behalf of themselves and other similarly-situated truck drivers currently or formerly employed by Defendant Matheson Tri-Gas, Inc.  Defendant now moves to dismiss this action under Federal Rule of Civil Procedure 12(b)(3) for improper venue or, alternatively, to transfer the action to the Central District of California under 28 U.S.C. § 1404.  Plaintiffs oppose.  Pursuant to Civil Local Rule 7-11(b), the Court determined that this case was suitable for disposition without oral argument.  Having considered the papers, the Court GRANTS the motion to transfer and DENIES the motion to dismiss as MOOT.

BACKGROUND

Defendant is a Delaware corporation, headquartered in Basking Ridge, New Jersey. Timmons Decl. ¶ 4. Defendant operates internationally and has several branch locations in both northern and southern California, including: Los Nietos, Menlo Park, Newark, Paso Robles, Rancho Cucamonga, Riverside, Salinas, San Jose, San Marcos, Santa Cruz, Santa Maria, Santa Rosa, Ukiah, Sacramento, Vacaville, Vernon, and Irwindale. Id. ¶ 6.

The named Plaintiffs are truck drivers employed by Defendant. All of the named Plaintiffs reside in Los Angeles County, which is situated within the Central District of California. Tamborrino Decl. ¶¶ 7-28, 30-31. At all relevant times, the named Plaintiffs were based out of Defendant's Vernon and Rancho Cucamonga locations, where they were supervised directly by on-site managers. Id. ¶¶ 7-9. The named Plaintiffs frequently drive routes spanning throughout California, including the Northern District of California. Maldonado Decl. ¶¶ 4-7. All of Defendant's dispatch locations purportedly set their own attendance and break-recording policies and practices. Tamborrino Decl. ¶¶ 10-11. Each location maintains its own electronic and hard-copy timesheets; for example, the Vernon location has hard-copy timesheets kept on site. Id. ¶ 6, 29.

Plaintiffs brought this suit against Defendant, alleging the following causes of action: (1) failure to provide meal periods as required by California Labor Code §§ 226.7 and 512 and Wage Order No. 9-2001, (2) failure to provide rest breaks as required by the same, (3) violation of California Labor Code § 2699 of the Private Attorney General Act (PAGA), (4) violation of Business &

2

Professions Code § 17200, and (5) waiting time penalties under California Labor Code §§ 201-203. Plaintiffs seek to represent "all current and former California-based truck drivers employed by Matheson four years prior to the filing" of the complaint. First Amended Complaint (FAC) ¶ 28.

## DISCUSSION

Defendant argues that the case should be transferred to the Central District of California, which is a more convenient forum. For the convenience of the parties and witnesses and in the interest of justice, a district court may transfer any civil action to another district where it may have been brought. 28 U.S.C. § 1404(a). This case could have been filed in the Central District. See 28 U.S.C. § 1332; 28 U.S.C. § 1391(b).

The court makes an "individualized, case-by-case consideration of convenience and fairness." Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000). In Jones, the Ninth Circuit provided a number of factors that may be considered: (1) the location where the relevant events occurred, (2) the forum that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigating in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. Id. The party seeking transfer bears the burden of proof and generally "must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of

forum." Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). This is because section 1404(a) "provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." Van Dusen v. Barrack, 376 U.S. 612, 645-46 (1964).

    1. Plaintiffs' choice of forum and the parties' relevant contacts to the forum

Defendant argues that Plaintiffs' choice of forum should be given less weight. When "an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight." Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987) (citations omitted). Moreover, where the plaintiff does not reside in the forum, or "the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [the] plaintiff's choice is entitled to only minimal consideration." Park v. Dole Fresh Vegetables, Inc., 964 F. Supp. 2d 1088, 1094 (N.D. Cal. 2013) (quoting Lou, 834 F.2d at 739).

Because Plaintiffs seek to represent a class and do not reside in this district, their choice of forum is not entitled to great weight. The named Plaintiffs do not reside in the Northern District and thus cannot claim party convenience. While some of the putative class members reside in this district, the general rule is that only the named Plaintiffs' residence is relevant to considerations of convenience. See Levine v. Entrust Grp., Inc., 2012 WL 6087399, at *4 (N.D. Cal.).

Plaintiffs draw attention to the fact that they drove routes running through this district and as a result some alleged meal

4

1 and rest break violations took place here.  But Plaintiffs often
2 drove routes in the Central District, as well.  Moreover, the
3 management decisions causing the alleged violations were made by
4 branch location managers in the Central District.  These policies
5 are central to Plaintiffs' claims.  A substantial portion of the
6 operative facts occurred in the Central District.  Because
7 Plaintiffs do not reside here and most of the operative facts
8 occurred elsewhere, their legitimate interest in this forum is
9 minimal.

      2.   The convenience of non-party witnesses and the ease of access to sources of proof

The convenience of non-party witnesses should be given significant consideration because they may be compelled to testify unwillingly.  Strigliabotti v. Franklin Res., Inc., 2004 WL 2254556, at *17 (N.D. Cal.).  Here, the named Plaintiffs' on-site managers have relevant information about Plaintiffs' work schedules and are likely to testify as witnesses.  Because the named Plaintiffs' on-site managers all reside in the Central District, it will be more convenient for them to travel to a Central District courthouse rather than a Northern District one. As for sources of proof, technological developments have reduced the burden of retrieving and transporting documents, which has diminished the importance of this factor in the transfer analysis. David v. Alphin, 2007 WL 39400, at *3 (N.D. Cal.).  Nevertheless, each branch location maintains hard-copy timesheets regarding its employees.  Because these highly relevant records are stored within the Central District, this factor favors transfer.  Harms

5

v. Experian Info. Solutions, Inc., 2007 WL 1430085, at *2 (N.D. Cal.).

### 3. The forum's familiarity with the governing law and relative court congestion

Both forums are federal district courts are located in California, and so they are equally familiar with the applicable California and federal law. The difference in court congestion between the two districts is insignificant. These factors are therefore neutral.

### 4. The comparative costs of litigating in the two forums

Plaintiff argues that the comparative financial abilities of the parties should be considered and the costs of litigation should fall to Defendant, a large corporation which is better equipped to withstand the costs of litigation than the individual truck drivers. This would be persuasive if Plaintiffs showed that litigating in this forum would be more cost efficient than litigating in the Central District. But Plaintiffs all reside and work in the Central District. Their counsel also is located in the Central District. Litigating in the Central District would likely be more cost effective for both parties. See Van Dusen, 376 U.S. at 616 ("the purpose of the section is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense") (internal quotation marks omitted). Accordingly, this factor strongly favors transfer.

On balance, the interests of justice and convenience outweigh the named Plaintiffs' original choice of forum. The Court transfers the case to the Central District of California because

6

1  it will be a more convenient forum for both parties as well as the
2  non-party witnesses involved.
3     IT IS SO ORDERED.

5  Dated: 6/9/2014

                                    _____
                                    CLAUDIA WILKEN
                                    United States District Judge