1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| LARRY AMBRIZ, SALVADOR CARRILLO, MARCO A. CHAVEZ, RANDALL COURTNEY, DANIEL MALDONADO, MARK A. RODRIGUEZ, SR., ALEJANDRO VEGA, DOUGLAS VIVERO, DAVID CINTAT, MANUEL SALAZAR, HERSCHEL SURVINE III, EDWIN PUQUIRRE, on behalf of themselves and all others similarly situated and on behalf of all other "aggrieved" employees,<br><br>        Plaintiffs,<br><br>vs.<br><br>MATHESON TRI-GAS, a New Jersey Corporation, and DOES 1-10, inclusive,<br><br>        Defendants. | **Case No.: CV14-04546 JAK (JCx)**<br><br>**FINAL ORDER APPROVING CLASS ACTION SETTLEMENT; JUDGMENT THEREON**<br><br>**JS-6**<br><br>**Date: February 19, 2016**<br>**Time: 8:30 a.m.**<br>**Court: 750 – 7th Floor**<br>**Judge: Hon. John A. Kronstadt**<br><br>Complaint Filed: March 5, 2014 |

18
19
20
21
22
23
24
25
26
27
28

1    On November 2, 2015, the Motion for Final Approval of the Parties'
2  Settlement together with Plaintiff's Application ("Application") for approval of
3  attorneys' fees and costs, Class Representative's service payment, and settlement
4  administration expenses, came before the Court for hearing.  The Parties appeared
5  by and through their respective counsel of record.

6    Due and adequate notice having been given to the Class, after the Court has
7  considered the papers and the arguments of counsel, as well as all papers filed by
8  the sole objector, and good cause appearing, the Court GRANTS Plaintiff's Motion
9  for Final Approval and Judgment subject to the terms of the Court's (In Chambers)
10  Order re Plaintiff's Motion for Final Approval of Class Action Settlement (Dkt. 93)
11  on February 4, 2016, and Plaintiff's Application for Approval of Attorneys' Fees
12  and Costs, Class Representative's Service Payments, and Class Administrator
13  expenses and rules as follows.

14    IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

15    1.    The Settlement and Release Agreement filed with the Court on March
16  30, 2015 (Dkt. 57) (hereafter, the "Settlement Agreement") and all definitions set
17  forth therein are hereby incorporated with and made part of this Final Order
18  Approving Class Action Settlement and Judgment ("Final Order and Judgment").

19    2.    This Court has jurisdiction over the subject matter of this Action and
20  all parties to this Action, including the Class Members, as defined in the Settlement
21  Agreement.  Specifically, the members of the Class that are subject to this Final
22  Order and Judgment are all current and former drivers who were employed by
23  Defendant from March 5, 2010 through June 25, 2015, the date this Court granted
24  Preliminary Approval of the Settlement.

25    3.    The Settlement Agreement and the terms set forth therein, are hereby
26  found and determined to be fair, reasonable, and adequate, and are hereby approved
27  and ordered to be performed by all Parties according to its terms and provisions.

28    4.    The Court finds that the form, manner and content of the Class Notice

FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND JUDGMENT

1   as detailed in the Settlement Agreement and Exhibits thereto provided a means of

2   notice reasonably calculated to apprise the Class Members of the pendency of the

3   action and the proposed settlement, and thereby met the requirements of Rule

4   23(c)(2) of the Federal Rules of Civil Procedure, as well as due process under the

5   United States Constitution and any other applicable law, and constituted due and

6   sufficient notice to all Class Members entitled thereto. Specifically, individual

7   notice was provided to all Class Members by regular mail to all such persons at

8   their last known mailing address on file with Defendant, or an updated address

9   obtained by the Class Administrator.

10        5.    The Court certifies the Class for settlement purposes only.

11        6.    This Final Order and Judgment applies to all claims or causes of action

12  settled under the terms of the Settlement Agreement, and shall be fully binding

13  with respect to the Class Representatives, Larry Ambriz, Marco A. Chavez, Randall

14  Courtney, Daniel Maldonado, Mark A. Rodriguez, Sr., Alejandro Vega, Douglas

15  Vivero, Herschel Survine III, Edwin Puquierre, Manuel Arias and David T.

16  Newfield and all Class Members who did not filed exclusion forms pursuant to the

17  Order Granting Preliminary Approval of Class Action Settlement entered by this

18  Court on June 25, 2015 ("Participating Class Members").  Upon entry of this

19  Order, Participating Class Members shall be deemed to have and by operation of

20  the Judgment, will have fully, finally and forever released, relinquished and

21  discharged all Claims Released by the Class Representatives and all Claims

22  Released by Class Members against Defendant, as defined in the Settlement

23  Agreement.

24        7.    Participating Class Members are barred and permanently enjoined

25  from asserting, instituting, or prosecuting, either directly or indirectly, any claims

26  or causes of action released under the Settlement Agreement which they had, or

27  have, to the extent provided in the Settlement Agreement.

28        8.    As of the date of this Final Approval Order, except as to such rights or

FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND JUDGMENT

1   claims that may be expressly created by the Settlement Agreement, all Claims
2   Released by the Class Representatives and all Claims Released by each Class
3   Member shall be deemed to be conclusively released and forever barred and
4   enjoined from prosecution as against the Defendant (as those terms are defined in
5   the Settlement Agreement).

6        9.    The Class Administrator shall conduct all administration of the Gross
7   Settlement Amount. The Class Administrator shall disburse attorneys'fees and
8   costs to the Class Counsel from the Gross Settlement Amount as ordered by the
9   Court.  The Class Administrator shall prepare and issue all disbursements of the
10  Net Settlement Amount to Participating Class Members.

11       10.   All claims and causes of action asserted by Class Representatives and
12  the Class Members in this Action are hereby dismissed with prejudice.

13       11.   The Court finds that Aashish Y. Desai, Esq., Desai Law Firm, P.C.
14  and Lee R. Feldman and Leonard H. Sansanowicz, Feldman Browne Olivares,
15  A.P.C., are qualified to represent the Settlement Class and confirms their
16  appointment as Class Counsel.  The Court hereby grants Class Counsel's request
17  for an award of attorneys' fees in the amount of $384,681.25 and reimbursement of
18  costs in the amount of $6,169.92 to be paid from the Maximum Settlement
19  Amount.  The Court finds that the amount of this award is fair and reasonable in
20  light of the efforts expended by Class Counsel in prosecuting this Action and the
21  results obtained.

22       12.   The Court finds and determines that the payment of $10,000 to the
23  California Labor and Workforce Development Agency ("LWDA") in settlement of
24  the LWDA's share of the penalties alleged by Plaintiff and compromised under the
25  settlement is fair and reasonable.  The Court hereby gives final approval to and
26  orders that the payment of that amount be made to the LWDA out of the Maximum
27  Settlement Amount in accordance with the terms of the Settlement.

28       13.   The Court finds that it is appropriate for the Class Representatives to

be paid a total amount of $7,700.00 as a Service Enhancement in recognition of their contribution to this litigation and service to the Class, and as consideration of their general release of all claims against Defendant.   As a result, Ambriz is awarded $600, Chavez is awarded $700, Courtney is awarded $700, Maldonado is awarded $1,000, Rodriguez is awarded $700, Vega is awarded $700, Vivero is awarded $600, Survine is awarded $700, Puquirre is awarded $700, Vega is awarded $700 and Newfield is awarded $700.   Enhancement payments shall be paid from the Gross Settlement Amount, as detailed in the Settlement Agreement.

14.   The Court approves the payment of settlement administration expenses to CPT Group, Inc. in an amount not to exceed $20,000.   This payment shall be made from the Gross Settlement Amount and any uncharged portion of this amount shall be added to the Net Settlement Amount.

15.   The Class Administrator shall apply an Individual Settlement Credit against the Gross Settlement Amount, as detailed in the Settlement Agreement.

16.   One Class Member, Roy Van Kempen, Objected to the Settlement. All objections to the Settlement are overruled.   One Class Member, Marc McDonald, requested to opt-out of the class, which request was granted and he is therefore not part of the Settlement Class.   No other Class Member filed an Objection or Request to Opt-Out with the Court.

17.   Without affecting the finality of this Final Order and Judgment in any way, the Court hereby retains continuing jurisdiction over the parties for the purpose of construing, enforcing and administering this Final Order and Judgment, and enforcing the Settlement Agreement, addressing settlement administration matters, and addressing such post-Judgment matters as may be appropriate under court rules or applicable law.   The time to appeal from this Judgment shall commence upon entry of this Final Order and Judgment.

18.   Any portion of the Net Settlement Amount remaining after distribution shall be redistributed by the Class Administrator to the Participating Class

Members.

19.     Any settlement checks uncashed 180 days after issuance will be rendered to the State of California.

20.     Neither this Order, the Settlement Agreement, nor any document referred to or contained therein: (a) is or may be deemed to be or may be used as an admission of or evidence of the validity of any Released Claims or of any wrongdoing or liability of the Defendant; or (b) is or may deemed to be or may be used as an admission of or evidence of any fault or omission of any of the Defendant in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Defendant may file the Judgment from this action in any other action that may be brought against it in order to support any applicable defense or counterclaim, including (without limitation) those based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

21. The Court finds that during the course of the Action, Defendant, the Class Representatives and their counsel of record at all times complied with the requirements of Fed. R. Civ. P. 11.

22.     The Court's (In Chambers) Order re Plaintiff's Motion for Final Approval of Class Action Settlement (Dkt. 93) on February 4, 2016, is hereby incorporated into this Final Judgment, as if fully stated herein, as is attached as **Exhibit 1**.

**IT IS SO ORDERED.**

Dated: March 3, 2016

_____

JOHN A. KRONSTADT
UNITED STATES DISTRICT  JUDGE

FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND JUDGMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND JUDGMENT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV14-04546 JAK (JCx) | Date | February 4, 2016 |
| Title | Larry Ambriz, et al. v. Matheson Tri-Gas | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|

| Andrea Keifer | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    (IN CHAMBERS) ORDER GRANTING FINAL APPROVAL OF CLASS
ACTION SETTLEMENT (DKT. 75)

I. __Introduction__

Larry Ambriz and 11 other named plaintiffs ("Plaintiffs") brought this action against Matheson Tri-Gas, Inc. ("Defendant"). They did so on behalf of a proposed class of all current and former California-based truck drivers who were employed by Defendant during a specified four-year period (the "Class" or "Class Members"). FAC, Dkt. 9 ¶ 28. Plaintiffs advanced the following claims that arise under California law: (i) failure to provide meal periods; (ii) failure to provide rest breaks; (iii) violation of Cal. Lab. Code § 2699; (iv) unfair competition in violation of Cal. Bus. & Prof. Code § 17200; and (v) waiting time penalties under Cal. Lab. Code §§ 201-203. *Id.* at ¶¶ 34-63.

The parties participated in a settlement process with Steven J. Rottman. Dkt. 55-1 ¶ 21. As a result, they reached a proposed settlement between Defendant and the Class ("Settlement Agreement"). On March 9, 2015, Plaintiffs brought a motion seeking preliminary approval of the Settlement Agreement. Dkt. 55. On April 10, 2015, that motion was denied, without prejudice to its renewal. Dkt. 60. On April 16, 2010, Plaintiffs filed a motion renewing their request for preliminary approval based on newly-submitted information intended to address the issues raised by the Court in response to the earlier motion. Dkt. 61. That motion was granted in part. Dkt. 71.[1] The Preliminary Settlement Agreement required notice to all Class members of the terms, including the right to opt out and maintain individual claims. It also called for a final review by the Court of all terms, including the amount of attorney's fees and costs that would be awarded.

On October 5, 2015, Plaintiffs filed a motion for final approval of the settlement ("Motion"). Dkt. 75. There was no opposition. A hearing on the Motion was held on November 2, 2015, and the matter was taken under submission. For the reasons stated in this Order, the Motion is **GRANTED**, subject to the terms of

---

[1] The June 25, 2015 order is incorporated here by this reference. Dkt. 71.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV14-04546 JAK (JCx) | Date | February 4, 2016 |
| Title | Larry Ambriz, et al. v. Matheson Tri-Gas | | |

this Order.

**II.      Factual Background**

The June 25, 2015 Order, which has been incorporated into this Order, describes the factual background of this matter as well as the terms of the Settlement Agreement. Dkt. 71. To provide the context for the discussion that follows, certain of those matters are summarized here.

Preliminary approval was granted because the Settlement Agreement had the potential to be fair, reasonable and adequate. Defendant agreed to provide a maximum settlement fund of $1,300,000 for the Class, with a range of $5500 to $7700 approved as the total amount of service payments to all class representatives. *Id.* at 4, 22. Attorney's fees in the range of $314,066.25 to $433,333 were also approved on a preliminary basis. *Id.* at 18. Up to $15,000 was approved for the payment of litigation costs. *Id.*; *see also* Dkt. 73 at 1. Approximately $20,000 of the settlement fund was to be used to pay for the costs of administration of classwide matters by Garden City Group. *Id.* at 5. Finally, the Court preliminarily approved a payment of $10,000 to the Labor and Workforce Development Agency ("LWDA") for the claims made under the Private Attorney General Act ("PAGA"), Cal. Lab. Code § 2699.

**III.      Analysis**

    A.      Motion for Final Approval

        1.      Whether the Class Should Be Certified

The "threshold task" in considering a motion for final approval of a class action settlement is to "ascertain whether the proposed settlement satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure applicable to all class actions, namely: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). A court must also determine whether "the action is maintainable under Fed. R. Civ. P. 23(b)(1), (2) or (3)." *Id.* at 1022. Rule 23(b)(3) requires that "questions of law or fact common to the class members predominate over any questions affecting only individual members," and that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

The June 25, 2015 Order determined that the Class, as defined, met the requirements of Fed. R. Civ. P. 23. Dkt. 71 at 11. There have been no developments since that time that would warrant a different outcome. For the reasons stated in that Order, the requirements of Rule 23(a) and Rule 23 (b)(3) have been satisfied. Therefore, certification of the Class is approved.

        2.      Whether the Agreement Should Receive Final Approval

            a)      Legal Standard

Fed. R. Civ. P. 23(e) requires that a court engage in a two-step process when considering whether to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-04546 JAK (JCx) | Date | February 4, 2016 |
|---|---|---|---|
| Title | Larry Ambriz, et al. v. Matheson Tri-Gas | | |

approve the settlement of a class action. First, in the preliminary approval process, a court must determine whether the proposed settlement provides benefits to the class members that are within the range of what might have been recovered through litigation. The purpose of this analysis is to ensure that the approval of these terms provides a fair, reasonable and adequate outcome for all class members. *See Acosta v. Trans Union, LLC*, 243 F.R.D. 377, 386 (C.D. Cal. 2007). Second, in light of the notification of all class members about the terms and conditions of the settlement that occurred following the preliminary approval, a court must consider the merits of any objections by class members and their potential application to the terms of the settlement agreement. *See Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998).

   b)   Application

The June 25, 2015 Order concluded that the Settlement Agreement had the potential to be deemed fair, reasonable and adequate. Dkt. 71. After the Order was issued, the Claims Administrator sent notices to all members of the Class. The notices included information about the right to opt out and how to do so. These notices were sent to all 151 persons who were thought to be Class members. Shirinian Decl., Dkt. 75-3 ¶ 5. There were two mailings: one on August 18, 2015, which was sent to all 151 members, and another on September 28, 2015, which was sent to the 57 members who had not responded to the initial notice. *Id.* ¶ 8. As of December 1, 2015, 106 members had approved of the settlement by submitting claim forms. This was a response rate of 69.74%. Dkt. 85-1 ¶ 20. Those 106 members have claimed $559,240.32, or 76.09% of the net settlement amount. *Id.* ¶ 22.

On October 19, 2015, putative Class member Roy Van Kempen ("Kempen") filed the only objection to the settlement. He asserts that the release of claims is overbroad. Dkt. 76, 77. However, before Kempen filed his objection, he had opted out of the Class.[2] Because Kempen is no longer a Class Member, he lacks standing to object to the terms of the settlement.[3] *See* Fed. R. Civ. P. 23(e)(5) ("any *class member* may object to a proposed settlement") (emphasis added); *see also Zamora v. Ryder Integrated Logistics, Inc.*, 2014 WL 9872803, at *2 (S.D. Cal. Dec. 23, 2014) ("Here, by opting out of the class, [the objector] fully preserved his right to litigate any claims he may have independently, and therefore has no significant protectable interest in the settlement. The settlement also will not impact [the objector's] ability to protect his interests in the [separate] action he filed . . . . [The objector] lacks standing to intervene for these reasons alone." (internal citations omitted)); *Glass v. UBS Fin. Servs., Inc.*, 2007 WL 221862, at *8 (N.D.

---

[2] In January 2015, Kempen brought a separate class action against Defendant that advanced the following claims under California and federal law: (i) failure to pay minimum wage; (ii) failure to pay overtime under the Fair Labor Standards Act ("FLSA"); (iii) failure to pay overtime under California law; (iv) failure to issue accurate wage statements; (v) failure to pay earned vacation time wages; (vi) waiting time penalties; (vii) unfair competition under Cal. Bus. & Prof. Code §17200; (viii) related PAGA claims, Cal. Lab, Code § 2699 *et seq.* Dkt. 77 at 2-3. Some of these claims are not raised in the present action, i.e., minimum wage claims, overtime claims, failure to issue accurate wage statements, failure to provide earned vacation time, and FLSA claims. Dkt. 77 at 6-9.
[3] Plaintiffs include as an exhibit Kempen's October 16, 2015 letter through which he opted out of the Class. Dkt. 79-2. It states: "My name is Roy Van Kempen I recently send [sic] and signed the Release of Claims form that I request to be excluded from the settlement class . . . . I understand that if I ask to be excluded from the settlement class, I will not receive any money from the settlement." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-04546 JAK (JCx) | Date | February 4, 2016 |
|----------|--------------------------|------|------------------|
| Title | Larry Ambriz, et al. v. Matheson Tri-Gas | | |

Cal. Jan. 26, 2007) ("Consequently, as [the objector] is no longer a class member, he has no standing to object.").

On December 18, 2015, putative Class Member Marc McDonald filed an ex parte application for leave to opt out of the Settlement Agreement. Dkt. 89. As discussed in the Order granting the application (Dkt. 92), McDonald's opt out notice was mailed to Defendant approximately one month after the deadline to do so. After reviewing the application, the Court determined that the relevant facts demonstrated excusable neglect and an absence of bad faith on the part of McDonald. *Id.*

For the reasons stated in the June 25, 2015 Order, the Settlement Agreement is fair, reasonable and adequate. Given the number of claims that have been filed by members of the Class and the absence of objections, final approval is granted, subject to the modifications made in this Order.

      B.      Class Representative Enhancement

In their Motion, Plaintiffs state that the Court previously granted preliminary approval of enhancement payments between $5500 and $7700, to the following named Plaintiffs: Ambritz, Chavez, Courtney, Maldonado, Rodriguez, Vega, Vivero, Survine and Puquirre. Plaintiffs also state that the Court preliminarily approved enhancement payments to Arias and Newfield between $500 to $700. Dkt. 75 at 13. These statements are not accurate. The June 25, 2015 Order granting preliminary approval, approved the following enhancement payments whose total is between $5500 and $7700:

| Class Representative | Preliminarily Approved Enhancement Award |
|----------------------|------------------------------------------|
| Ambriz | $400-600 |
| Chavez | $500-700 |
| Courtney | $500-700 |
| Maldonado | $800-$1000 |
| Rodriguez | $500-700 |
| Vega | $500-700 |
| Vivero | $400-600 |
| Survine | $500-700 |
| Puquirre | $400-600 |
| Arias | $500-700 |
| Newfield | $500-700 |
| **TOTAL** | **$5500-7700** |

Dkt. 71 at 20-22.

The June 25, 2015 Order also stated that the Court may "revisit the amount at the final approval hearing based on any new evidence that has been provided." *Id.* at 22. Plaintiffs have not provided any new evidence, nor have they made any argument regarding the amount of appropriate awards that would result in a total that is within the range that received preliminary approval.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-04546 JAK (JCx) | Date | February 4, 2016 |
|---|---|---|---|
| Title | Larry Ambriz, et al. v. Matheson Tri-Gas | | |

However, based on a review of the relevant materials, and the absence of objections, it is ordered that each Class Representative is awarded an enhancement fee that is at the high end of the range that was preliminarily approved as to such person. As a result, Ambritz is awarded $600, Chavez is awarded $700, Courtney is awarded $700, Maldonado is awarded $1000, Rodriguez is awarded $700, Vega is awarded $700, Vivero is awarded $600, Survine is awarded $700, Puquirre is awarded $600, Arias is awarded $700 and Newfield is awarded $700. These amounts total $7700.

    C.    Attorney's Fees

        1.    <u>Legal Standard</u>

Attorney's fees and costs "may be awarded in a certified class action where so authorized by law or the parties' agreement"; however, "courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011); *see also* Fed. R. Civ. P. 23(h). "If fees are unreasonably high, the likelihood is that the defendant obtained an economically beneficial concession with regard to the merits provisions, in the form of lower monetary payments to class members or less injunctive relief for the class than could otherwise have [been] obtained." *Staton v. Boeing Co.*, 327 F.3d 938, 964 (9th Cir. 2003). Thus, a district court must "assure itself that the fees awarded in the agreement were not unreasonably high, so as to ensure that the class members' interests were not compromised in favor of those of class counsel." *Id.* at 965. Factors considered in examining the reasonableness of the fee include: (1) whether the results achieved were exceptional; (2) risks of litigation; (3) non-monetary benefits conferred by the litigation; (4) customary fees for similar cases; (5) the contingent nature of the fee and financial burden carried by counsel; and (6) the lawyers' "reasonable expectations, which are based on the circumstances of the case and the range of fee awards out of common funds of comparable size." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002).

In common fund cases, a district court has discretion to choose either "the percentage-of-fund or the lodestar method" to calculate attorney's fees. *Vizcaino*, 290 F.3d at 1047. When the percentage-of-fund method is chosen, 25% is the "benchmark." *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989). Any amount between 20-30% is the "usual range." *Vizcaino*, 290 F.3d at 1047. That amount may be "adjusted upward or downward to account for any unusual circumstances involved in [the] case." *Paul*, 886 F.2d at 272. Although 25% is the "starting point," selection of the benchmark or any other rate "must be supported by findings that take into account all of the circumstances of the case." *Vizcaino*, 290 F.3d at 1048. Even if a court elects to employ a percentage-of-fund method, a district court may "cross-check" this amount by calculating the lodestar. *Id.* at 1050. "Thus, while the primary basis of the fee award remains the percentage method, the lodestar may provide a useful perspective on the reasonableness of a given percentage award." *Id.*

        2.    <u>Application</u>

Class Counsel request a fee award of $433,333. The Court preliminarily approved attorney's fees in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-04546 JAK (JCx) | | Date | February 4, 2016 |
|---|---|---|---|---|
| Title | Larry Ambriz, et al. v. Matheson Tri-Gas | | | |

range of $314,066.25 to $433,333 based on work performed through May 6, 2015. This was premised on a reduction in both the proposed hourly rates and the hours worked. The amount that was previously approved on a preliminary basis is summarized in the following table:

| Attorney or Paralegal | Rate | Reduction | Hours | Lodestar |
|---|---|---|---|---|
| Desai | $700 / hr. | 50 hours | 352.90 | $247,030 |
| De Castro | $375 / hr. | 15 hours | 43.77 | $16,413.75 |
| Nava | $175 / hr. | 25 hours | 119.30 | $20,877.50 |
| Feldman | $675 / hr. (2014) $675 / hr. (2015) | 0 hours | 20.60 3.30 | $13,905 $2,227.50 |
| Sansanowicz | $375 / hr. (2014) $375 / hr. (2015) | 15 hours | 36.30 30.70 | $13,612.50 $11,512.50 |
| Drannikova | $150 / hr. | 0 hours | 8.50 | $1,275 |
| | | **Total** | **615.37** | **$326,853.75**[4] |

The Court previously determined that the adjusted lodestar value of $326,853.75 was "presumptively reasonable." *In re HP Inkjet Printer Litig.*, 716 F.3d 1173, 1190 (9th Cir. 2013). The adjusted lodestar amounts to 25% of the gross settlement payment, which is within range of the benchmark used by the Ninth Circuit in common fund cases. *Id.* at 1190 (courts have an independent obligation to "cross-check[] the lodestar calculations against a percentage fee, thereby guard[ing] against an unreasonable result and assur[ing] that counsel's fee does not dwarf class recovery").

The Court nevertheless approved an attorney's fee award in a range of $314,066-$433,333 because it was expected that class counsel would perform additional work through the time of final approval. Class counsel has submitted evidence as to the additional work that it performed between May 7, 2015 and October 2, 2015. They state that, when valued based on hours worked and what they consider appropriate hourly rates, the value of this work totals $69,585.50. Dkt. 75-2. The basis of this calculation is set forth in the following chart, which shows a modest arithmetic error in the aforementioned calculation by Class counsel as well as the use of hourly rates that the Court rejected in the preliminary approval process:

| Attorney or Paralegal | Rate | Hours | Lodestar |
|---|---|---|---|
| Desai | $750 / hr. | 68.9 | $51,675.00 |
| De Castro | $450 / hr. | 21.9 | $9,855.00[5] |
| Nava | $250 / hr. | 32.2 | $8,050.00[6] |
| | **Total** | **123** | **$69,580.00** |

---

[4]  At the preliminary approval stage, this amount was previously miscalculated to be $314,066.25. The accurate amount is provided in this Order.
[5]  Class counsel submits that this amount is $9873. However, $450/hr x 21.90 hours = $9,855.00.
[6]  Class counsel submits that this amount is $8037.50. However, $250/hr x 32.20 hours = $8050.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-04546 JAK (JCx) | Date | February 4, 2016 |
|---|---|---|---|
| Title | Larry Ambriz, et al. v. Matheson Tri-Gas | | |

This represents a combined lodestar of $396,433.75 ($326,853.75 + $69,580.00), or 30% of the gross settlement payment. Class counsel has requested a fee award of $433,333, which would equal 33% of the settlement fund. In support of this position it argues that this was a contingency case. Thus, class counsel took the risk that there would not be a successful outcome or any fee award, while undertaking a considerable amount of work. Class counsel also argues that this amount is warranted in light of its skill and experience as well as the results achieved. Dkt. 75 at 19-23.

Defendant argues that the percentage of the fund and the lodestar are both unreasonably high. Dkt. 78. With regard to the percentage of the fund, it argues that the amount should be set at 25%. *Id.* at 5. With respect to the lodestar, Defendant argues that the proposed hourly rates are unjustified. *Id.* at 7-8. Further, Defendant asserts that counsel billed for unnecessary work, including the time spent at team meetings and in making assignments to attorneys. *Id.* at 8-9. Finally, Defendant argues that any work performed in connection with the request for attorney's fees should be disallowed. *Id.* at 9. Class counsel seeks $19,500 in fees in connection with such work. *Id.* at 10.

The Court has examined the evidence submitted and considered it in light of the work performed that resulted in written filings or other presentations to the Court. The Court has also compared it to that performed in many similar cases by other counsel. For reasons stated in the prior Order (Dkt 71 at 16-17), the Court concludes that the hourly rates are inappropriate and unjustified. Therefore, they are reduced to the hourly rates for which preliminary approval was granted.

A modest reduction in the number of hours recorded is also warranted. Aashish Desai has billed 11 hours for "analysis of preliminary documents." The Court is not persuaded that reviewing prior documents warrants that amount of time; it is expected that counsel was familiar with the preliminary approval process prior to the preparation of the documents prepared in support of the request for final approval. A reduction of five hours is appropriate. The remaining six hours are sufficient to permit an experienced attorney to prepare to pleadings in support of the final approval. Adrianne De Castro has billed 19.4 hours for the "motion for final approval." Once again, the Court is not persuaded that this amount of time is necessary or appropriate given the scope of the work performed in connection with the preliminary approval and the absence of objections to the proposed settlement. Therefore, this time is reduced by two hours. In light of these adjustments, the following amounts are approved with respect to the work associated with the final approval process during the period from May 7, 2015 through October 2, 2015:

| Attorney or Paralegal | Rate | Reduction | Hours | Lodestar |
|---|---|---|---|---|
| Desai | $700 / hr. | 5 hours | 63.9 | $44,730 |
| De Castro | $375 / hr. | 2 hours | 19.9 | $7,462.50 |
| Nava | $175 / hr. | 0 hours | 32.2 | $5,635.00 |
| | | **Total** | **116** | **$57,827.50** |

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-04546 JAK (JCx) | Date | February 4, 2016 |
|---|---|---|---|
| Title | Larry Ambriz, et al. v. Matheson Tri-Gas | | |

In light of this calculation and the one presented in the June 25, 2015 Order, attorney's fees totaling $384,681.25 are approved. This is the sum of the amount approved preliminarily ($326,853.75), and the additional amount approved in this Order for more recent work ($57,827.50). The adjusted lodestar amounts to 29.6% of the gross settlement payment. This is within range of the benchmark deemed appropriate by the Ninth Circuit in common fund cases. *In re HP,* 716 F.3d at 1190.

    D.    Costs

        1.    <u>Legal Standard</u>

Like attorney's fees, costs "may be awarded in a certified class action where so authorized by law or the parties' agreement." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). "Under the common fund doctrine, Class counsel is entitled to reimbursement for reasonable out-of-pocket expenses and costs in obtaining a settlement." *In re Quantum Health Res., Inc.*, 962 F. Supp. 1254, 1259 (C.D. Cal. 1997) (citing *Vincent v. Hughes Air West Inc.*, 557 F.2d 759, 769 (9th Cir.1977)). Such expenses "include reasonable out-of-pocket litigation expenses that would normally be charged to a fee paying client, even if the court cannot tax these expenses as 'costs' under 28 U.S.C. § 1920." *Trustees of Const. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1257 (9th Cir. 2006). "To support an expense award, Plaintiffs should file an itemized list of their expenses by category and the total amount advanced for each category in order for the Court to assess whether the expenses are reasonable." *Lilly v. Jamba Juice Co.*, 2015 WL 2062858, at *6 (N.D. Cal. May 4, 2015) (citing *Wren v. RGIS Inventory Specialists*, 2011 WL 1230826, at *30 (N.D. Cal. Apr. 1, 2011), *supplemented*, 2011 WL 1838562 (N.D. Cal. May 13, 2011)).

        2.    <u>Application</u>

The prior Order preliminarily approved an award of costs up to $15,000. Dkt. 73. This was based on the submission of itemized expenses showing $6169.92 in costs. Dkt. 72. The Order explained that a final determination as to the approval of the settlement would address the specific amount of costs that would be approved and awarded. Dkt. 73.

The Motion does not state whether any expenses have been incurred following the preliminary approval proceedings. Nor does the Motion discuss the reasonable amount for a final award of costs, other than to note that the court preliminary awarded costs of up to $15,000. Because only $6169.92 in costs have been documented, that amount is awarded.

**IV.**    <u>**Conclusion**</u>

For the reasons stated in this Order, the Motion is **GRANTED IN PART.** The following amounts are approved: class representation enhancements of $7700; attorney's fees of $384,681.25; and costs of

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-04546 JAK (JCx) | Date | February 4, 2016 |
|---|---|---|---|
| Title | Larry Ambriz, et al. v. Matheson Tri-Gas | | |

$6,169.92. Plaintiff shall lodge a proposed judgment in accordance with the terms of this Order by February 19, 2016. Any objections to the proposed judgment shall be filed no later than 7 days from the date the proposed judgment is lodged.

**IT IS SO ORDERED.**

                                                                          _____ : _____

Initials of Preparer    ak